UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHITFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>S. DOWNS, et al.,<br><br>    Defendants.<br>_____/ | 1:11cv01243 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.    Background**

Plaintiff Michael Whitfield ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  He filed his complaint on July 28, 2011.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

---

[1] On August 9, 2011, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

## II. Summary of Complaint

Plaintiff was incarcerated at Avenal State Prison, where the events giving rise to this action occurred.[2]  Plaintiff names Senior Librarian S. Downs and Assistant Vice Principal J. Pehrson as Defendants.

Plaintiff alleges that on December 6, 2010, he gave Defendant Downs an original Petition for Review and a Motion for Appointment of Counsel that had to be filed with the California Supreme Court.  Plaintiff also gave Defendant Downs a Request for Legal Photocopy Service and asked Defendant Downs for 17 copies of the documents.  He alleges that these documents had to be filed prior to the October 29, 2010, deadline.[3]  Plaintiff alleges that Defendant Down told him that she would not make the copies because there was not enough time.  Plaintiff states that he gave her the legal documents at 8:25 a.m. and that one hour and thirty-five minutes remained of his law library time.  He alleges that this was more than enough time to make the copies.

---

[2] Plaintiff submitted a change of address on February 27, 2012, indicating that he may have been released.

[3] Based on the court decisions in the exhibits and Plaintiff's own allegations, it does not appear that Plaintiff cites the correct deadline.

1    On December 8, 2010, Plaintiff gave the same documents to Defendant Pehrson and
2 requested copies.  Defendant Pehrson also refused to make the copies.
3    On December 8, 13 and 15, 2010, Plaintiff again asked Defendant Downs to photocopy
4 the Petition for Review and Motion for Appointment of Counsel.  He alleges that Defendant
5 Downs refused.
6    Plaintiff filed numerous inmate grievances against Defendants Down and Pehrson.  After
7 the grievances were filed, Plaintiff alleges that Defendants retaliated against him by denying him
8 physical access to the law library.  Plaintiff submitted requests for interviews with Defendants
9 but they did not respond.
10    Plaintiff alleges that Defendants Downs and Pehrson violated his right to access the
11 courts pursuant to the First and Fourteenth Amendments.  He contends that they knew, or should
12 have known, that obstructing his access to the California Supreme Court and refusing to copy his
13 documents would make him miss the deadline to timely file his documents.
14     He also alleges that he received "inadequate legal assistance" from Defendants based on
15 their refusal to make copies.  He further alleges that Defendants violated numerous sections of
16 the California Code of Regulations.
17    Plaintiff also alleges that Defendants Downs and Pehrson violated the Equal Protection
18 Clause of the Fourteenth Amendment because they copied other inmates' similar legal
19 documents.  He alleges that the other inmates were of "different races."
20    Finally, Plaintiff alleges that the Avenal State Prison law library is inadequate because it
21 does not have the required, updated legal materials.
22    Plaintiff requests monetary and injunctive relief.
23 **III.   Analysis**
24    A.   Access to Courts
25    Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,
26 518 U.S. 343, 346 (1996); Silva v. Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v.
27 Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff
28 must show that he suffered an actual injury, which requires "actual prejudice to contemplated or

existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

In his complaint, Plaintiff states that Defendants should have known that their actions would cause him to miss his filing deadline. He also states that Defendants obstructed and interfered with his access to the California Supreme Court. Despite these allegations, Plaintiff never actually sets forth facts demonstrating that he was unable to file documents with the California Supreme Court. The absence of an injury precludes an access claim, and Plaintiff's complaint is devoid of any facts suggesting any injury occurred. Harbury, 536 U.S. at 415-16; Jones, 393 F.3d at 936. Therefore, Plaintiff fails to state a claim.

Moreover, "the injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355 (emphasis in original).

Review of the exhibits reveals that the Petition for Review addressed the merits of a permanent prefiling injunction, issued in the Fresno County Superior Court in 2003 after the Court declared Plaintiff a vexatious litigant. Plaintiff alleges that he forgot about the order and filed four cases in Fresno County in 2008 and two cases in 2009, which were all subsequently dismissed. Plaintiff submitted two applications to lift the prefiling order, but they were denied in June and July 2010. Plaintiff's requests to appeal were denied by the Fifth District Court of Appeal in October and November 2010.

It is therefore unlikely that Plaintiff's challenge to the 2003 permanent prefiling injunction is the type of legal claim that is constitutionally protected.

B.     Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Here, Plaintiff alleges, without supporting facts, that Defendants discriminated against him by refusing to copy his legal documents.  He does not describe his race, and states only that inmates of "different races" had their documents copied.  Plaintiff's complaint fails to state a cause of action for equal protection.  He will be given an opportunity to amend this claim.

C.     Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.2005).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411

5

F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities.

Plaintiff's retaliation claim fails to allege that the alleged lack of access to the law library chilled the exercise of his First Amendment rights. He also fails to allege that the denial of access did not reasonably advance a legitimate correctional goal. Plaintiff's complaint therefore fails to state a claim for retaliation. Plaintiff will be given an opportunity to amend this claim.

### D. Inadequacies of Law Library/Inadequate Legal Assistance

Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

Therefore, Plaintiff's allegations regarding the inadequacies of the law library and legal assistance fail to state a claim.

### E. Violations of California Code of Regulations

Plaintiff alleges that Defendants violated numerous sections of Title 15 of the California Code of Regulations. However, no private right of action exists for violation of Title 15 regulations, e.g., Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

He is therefore unable to state a claim.

## IV. Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may only amend his retaliation and equal protection claim. The deficiencies in the remaining claims cannot be cured. Plaintiff may not

change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 19, 2012**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE