**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHITFIELD,<br><br>           Plaintiff,<br><br>     v.<br><br>S. DOWNS, et al.,<br><br>           Defendants. | Case No. 1:11-cv-01243-DLB PC<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM**<br><br>ECF No. 16 |

I.     **Background**

Plaintiff Michael Whitfield ("Plaintiff") was a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On July 28, 2011, Plaintiff filed his complaint.  ECF No. 1.  On March 19, 2012, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend.  ECF No. 12.  On July 30, 2012, Plaintiff filed his amended complaint.  ECF No. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Amended Complaint

Plaintiff was incarcerated at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to this action occurred. Plaintiff names as Defendants senior librarian S. Downs and assistant vice principal J. Pehrson.

Plaintiff alleges the following. On December 6, 8, and 13 of 2010, Plaintiff gave to Defendant Downs an original of his petition for review and motion for appointment of counsel. Plaintiff requested that copies be made in accordance with the California Supreme Court's rules. Plaintiff also informed Defendant Downs that October 29, 2010 was the deadline to file the documents. Defendant Downs refused, citing the deadline.

On December 8, 2010, Plaintiff gave to Defendant Pehrson the petition for review and motion for appointment of counsel for photocopying. Defendant Pehrson refused to photocopy the documents.

Defendant Downs photocopied other inmates' documents, including black, white, and Hispanic inmates. However, Defendant Downs refused to photocopy Plaintiff's documents because Plaintiff is African American.

On February 17 and 26, and March 27 and 30 of 2011, Plaintiff submitted requests for interviews with Defendant Downs, requesting physical access to the law library. Defendant Downs refused. Plaintiff then submitted CDCR 602 appeals, dated March 7, April 11, and April 21 of 2011. Defendant Downs refused to respond to them within the timeframe set forth by the California Code

of Regulations.

Plaintiff contends retaliation in violation of the First Amendment, denial of access to the courts, and violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff requests as relief compensatory and punitive damages.

### III. Analysis

#### A. Access to the Courts

Plaintiff contends a denial of access to the courts. The Court had dismissed this claim with prejudice because Plaintiff would not be able to cure the deficiency. ECF No. 12. Inmates have a fundamental right of access to the courts. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). The right of individuals to pursue legal redress for claims that have a reasonably basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* at 1103 (citing *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004)). Inmates have a right to litigate in the courts without active interference by prison officials. *Id.*

For any claim, a prisoner must establish that he has suffered an actual injury, a jurisdictional requirement from standing that cannot be waived. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal quotation omitted).

Plaintiff again fails to state a claim. Based on Plaintiff's allegations, Plaintiff had a court deadline of October 29, 2010. Thus, even if Defendants Pehrson and Downs had refused to photocopy Plaintiff's documents, it would not demonstrate an actual injury because Plaintiff requested photocopies after the alleged deadline had passed.

#### B. Retaliation

For a viable claim of First Amendment retaliation, the following elements must be met: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559,

567-68 (9th Cir. 2005)).

Plaintiff fails to state a retaliation claim against Defendant Downs. Plaintiff contends that Defendant Downs denied Plaintiff access to the law library as retaliation for Plaintiff filing inmate grievances. However, Plaintiff fails to allege facts which link Plaintiff's filing of inmate grievances to an adverse action. Denial of access to the law library, by itself, is not an adverse action that would chill a prisoner of ordinary firmness from exercising his First Amendment rights. To the extent that Plaintiff complains that Defendant Downs failed to comply with the California Code of Regulations, that is not a violation. *Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998) ("As a general rule, a violation of state law does not lead to liability under § 1983.").

### C.     Equal Protection

The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (internal quotations and citation omitted).

Plaintiff fails to state an Equal Protection claim. Plaintiff contends that he was discriminated against on the basis of his race, which is a protected class. However, Plaintiff also alleges that Defendant Downs photocopied documents belonging to black inmates. Plaintiff states that he is African American. Thus, there is no allegation of discrimination on the basis of a protected class.

//

//

**IV.     Conclusion and Order**

Plaintiff fails to state any claims against any Defendants.  Plaintiff was previously provided the opportunity to amend his complaint to cure the deficiencies identified, but was unable to do so. Further leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY ORDERED that

1,     This action is dismissed with prejudice for failure to state a claim upon which relief may be granted; and

2.     The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:     **December 13, 2012**              /s/ Dennis L. Beck
                                                        UNITED STATES MAGISTRATE JUDGE